J. W. COMER, A. C. Dakin, J. B. Benson, Administrator of the Estate of Iver Brudevold, J. B. Benson and Ob. B. Gray, Individually and as Beneficiaries in Their Own Behalf and in Behalf of All Other Persons Similarly Interested, Appellants, v. T. A. THOMPSON, Individually, and as Trustee, E. O. Stoudt, et al., Respondents.

(174 N. W. 212.)

**Trusts — disposal of assets of insolvent parties by agreement.**

In this case the several parties plaintiff and defendant were small creditors of an insolvent estate,—a half section of land well mortgaged. At their request Thompson, one of the creditors, took title in his own name, took charge of the estate, and pursuant to a written agreement he sold it at $34.50 an acre,—a fair and reasonable price,—so that each party received and retained his advances with 33 per cent on his worthless claim. The findings of fact and conclusions of law are well sustained by the evidence.

Opinion filed June 27, 1919. Rehearing denied September 8, 1919.

Appeal from the District Court of Cass County, Honorable *A. T. Cole,* Judge.

Modified and affirmed.

*Barnett & Richardson,* for appellants.

In many states it is the absolute rule of law that a trustee can under no circumstances purchase the trust property. See 39 Cyc. 366 (5).

No such purchase can be sustained unless there has been the utmost

good faith, and further than that, unless all beneficiaries in the trust have been expressly and specifically acquainted and advised of all of the facts in connection with the purchase of the trust property by the trustee; and further than that, that there is nothing of misrepresentation, concealment, fraud, or misunderstanding in connection therewith. 39 Cyc. 368 (62); N. D. Civ. Code, § 6281; note in 9 L.R.A. 792; Gates v. Kelly, 15 N. D. 648; Cardiff v. Marquis, 17 N. D. 118; Patterson Co. v. Lynn, 27 N. D. 409; Krause v. Krause, 30 N. D. 66.

It is immaterial what the value of the trust property was. 39 Cyc. 366 (5); Johnson v. Bennett, 39 Barb. 237; Brothers v. Brothers, 42 N. C. 150; Armstrong v. Cambell (Tenn.) 24 Am. Dec. 556.

It is immaterial whether the deal was advantageous or disadvantageous to the beneficiaries. Harrington v. Gilchrist (Wis.) 99 N. D. 909; Clay v. Cummings (Ala.) 77 So. 328.

It is immaterial whether the trustee acted in good faith or bad faith. Bank v. R. R. (Ia.) 74 Am. Dec. 302; Dugan v. Capner (N. J.) 15 Atl. 819; Newcomb v. Brooks, 16 W. Va. 32; Lynch v. Henry, 25 W. Va. 416.

"To a possessor, whose title originated in fraud, or is attended with circumstances of circumvention and deception, no compensation for improvements is ever allowed." Jackson v. Ry. Co. 99 U. S. 537; Ry. Co. v. Soutler, 13 Wall. 517; Hawley v. Tesh, 59 N. W. 677; German Soc. v. Tull, 136 Fed. 1; Morrison v. Robinson, 31 Pa. 456; Van Horn v. Fonda, 5 Johns. Ch. 416; Ensign v. Batterson, 36 Atl. 51; Gaebel v. O'Connor, 61 N. W. 134; Gilbert v. Hoffman, 26 Am. Dec. 103; Re Hayes, 28 Atl. 158; Gulkenheior v. Angline, 81 N. Y. 394; Johnson v. Moore, 5 Pac. 406; German Bank v. United States, 148 U. S. 573–580; Russell v. Blake, 2 Pick. 505; Tatum v. McLellan, 56 Miss. 352; Thompson v. Thompson, 16 Wis. 91; Hughes v. Williams (Va.) 38 S. E. 138.

"There is no need of equitable proceedings to set aside a deed executed in breach of trust." Bourquin v. Bourquin (Ga.) 35 S. E. 710. See also Raich v. Lindebek, 161 N. W. 1026.

It is the prevailing rule of law that no tender is necessary to a fiduciary who has violated the terms of his trust, as a condition precedent to a suit against such fiduciary for such breach of trust. Raleigh v.

Fitzpatrick (N. J.) 11 Atl. 1; Beck v. Uhrich, 16 Pa. 499; Garaig v. Garard (Ind.) 34 N. E. 442; Powell v. Powell (Ill.) 2 N. E. 162; Goodwin v. Whitehead (Ala.) 11 So. 65; Hungerford v. Cushing, 8 Wis. 332; Taylor v. Calvert (Ind.) 37 N. W. 531; Newcomb v. Brooks, 16 W. Va. 32; Slingluff v. Dugan (Md.) 56 Atl. 837.

*Spalding & Shure,* for respondents.

The rule is well established that fraud must be proven by clear and convincing evidence, and be made by facts which are inconsistent with an honest purpose. We submit that the evidence in the case at bar is anything but clear and convincing of fraud. Reitsch v. McCarty, 35 N. D. 575; Graham v. Graham, 184 Mich. 638; Kvello v. Taylor, 5 N. D. 76, and fraud is not presumed in a case of this kind; Krause v. Krause, 30 N. D. 54.

When trustees act honestly and legally proper, they receive the protection and favor of the court. The legal presumption always is that a trustee has faithfully executed his trust unless the contrary is proven. Burrill, Assignments, 568; Valentine v. Decker, 43 Mo. 583; Jefferies's Appeal (Pa.) 1 Am. Lead. Cas. 303 notes; McLaughlin v. Park City Bank (Utah) 63 Pac. 589. Equity will not aid avarice in purloining property. Anthes v. Schrouder (Neb.) 92 N. W. 196; May, Fraud. Conv. 689; Richardson v. Welch, 47 Mich. 309; Williams v. Nierenberg (N. D.) 115 N. W. 510.

When one gives his agent ambiguous instructions which the latter executes in good faith according to a reasonable interpretation of them, the principal is estopped to say that he intended them to be construed otherwise. The agreement was in effect like delivering deed with name of grantee blank, with authority to fill in. Anderson v. First Nat. Bank, 4 N. D. 182; Ormsby v. Johnson (S. D.) 124 N. W. 436.

"Unless the defendant was deprived of all rights to protect himself unless they could compel him to make all the payments and run all the risks, and then, after waiting as long as they chose, adopt or reject his acts as subsequent events might dictate, they must be held to have abandoned the purchase." Spoonheim v. Spoonheim, 14 N. D. 389. See also Kennedy v. Dunn, 58 Cal. 339; De Cordora v. Smith (Tex.) 58 Am. Dec. 136.

Plaintiffs were concluded by their signature to the deed. They there-

by assented to its terms, and there is no proof of fraud on the part of Thompson or Stoudt. Bowen v. Ins. Co. 20 S. D. 103; Indianapolis Rolling Mills Co. v. St. L. Ft. S. & W. R. Co. 120 U. S. 256; Patterson v. Ward, 6 N. D. 609.

Where the beneficiaries consented beforehand to a transaction with the trustee and the transaction was clearly for the benefit of the trust property, which received the full benefit thereof, they cannot afterwards be heard to object to the transaction. Shelby v. Crighton, 101 Am. St. Rep. 630, 636 and note, 639; Johnson v. Erlandson, 14 N. D. 522; Spoonheim v. Spoonheim, 14 N. D. 139; as to effect of reading instrument before signing, see Bower v. Jones (S. D.) 128 N. W. 470; Farlow v. Chambers, 21 S. D. 128, 110 N. W. 94; Gulf, C. & S. F. R. Co. v. Feim (Tex.) 76 S. W. 597; Lewis v. Whitworth (Tex.) 54 S. W. 1007; Rud v. Coughram, 21 S. D. 257, 111 N. W. 559; Haag v. Burns, 22 S. D. 51, 115 N. W. 104; Hammond v. Hopkins, 143 U. S. 224; Scott v. Freeland (Miss.) 45 Am. Dec. 310.

Where the subject-matter of the representation is patent and opportunity to investigate and the means of acquiring knowledge thereof are easily available to the complaining party, he is presumed to have knowledge thereof. 6 Enc. Ev. 71; Van Velsor v. Geeberger, 25 Ill. App. 598; Martin v. Harwell, 115 Ga. 156.

One cannot receive a benefit under a conveyance and then turn around and claim that the conveyance is fraudulent and void. By receiving the benefit he affirms the conveyance and is estopped from setting up fraud or other facts in avoidance of it. Reitsch v. McCarty, 35 N. D. 574.

Standing by and seeing valuable improvements erected estops the plaintiffs. Iverson v. Saulsbury, 65 Ga. 724; Warner v. Blakeman, 76 Barb. 501; Sloan v. Frothingham, 65 Ala. 593; N. W. Mut. Hail Ins. v. Fleming, 12 S. D. 36.

Fraud without damage, or damage without fraud, gives no cause of action, but the two must concur and the fraudulent representations must have been made with intent to deceive. Kountz v. Kennedy (N. Y.) 49 Am. St. Rep. 651; Marriner v. Dennison, 78 Cal. 202; Simmons v. Hill, 77 Iowa, 378.

By accepting and retaining the consideration the grantor ratifies his deed. Ormsby v. Johnson (S. D.) 124 N. W. 436; State v. Engle, 111

Iowa, 246; Turner v. Fryberger, 99 Minn. 236; Copsey v. Sacramento Bank, 133 Cal. 659; Re Robbins (Minn.) 109 N. W. 229 and authorities cited in opinion.

Where fraud is claimed as a basis for canceling a deed, at least an offer to reimburse the amount paid by the holder of the title is necessary, and failure to make such offer is alone sufficient to defeat a recovery. Williams v. Nierenberg (N. D.) 115 N. W. 510.

A trustee who is also a creditor has a right to purchase. Leavell v. Leavell, 4 Ky. L. Rep. 889.

Where property is transferred to trustee to be sold for the payment of debts named, it is delivered as an assignment, and not a deed of trust, and the deed of the trustee conveys a good title to the purchaser.

There is nothing tending to show that Stoudt had any intimation of fraudulent purposes. His statement related to his interest in the land as creditor of the Waldorf estate, and he was the largest creditor. Gale v. Mensing, 22 Mo. 461; Goodrich v. Proctor, 1 Gray, 567; Purdy v. Whitney, 20 Pick. 25; State v. Benoist, 37 Mo. 508; Tuttle v. Merchants Nat. Bank, 19 Mont. 11; Martin v. Hausman, 14 Fed. 160.

And even though Thompson's conveyance was made in breach of his trust, it passed legal title to Stoudt. Bristol Sav. Bank v. Judd, 116 Iowa, 26; Schanewerk v. Hoberecht, 117 Mo. 22; Robinson v. Pierce, 118 Ala. 273; Bollin v. Furman, 28 Mo. 427.

ROBINSON, J. This is an appeal from a judgment quieting the title of T. A. Thompson and E. O. Stoudt to a half section of land in town 142, range 54. In 1914 one Waldorf died leaving no property except written contracts with Mr. Harvey and Mr. Parsons for the purchase of said land. It was in process of foreclosure on a mortgage for about $5,000. Waldorf left small debts due and owing each of the parties to this action. To obtain payment, in whole or in part, the several creditors of Waldorf took over the land contracts and the title acquired by a foreclosure of the mortgage, and took title in the name of T. A. Thompson, and it was in writing agreed that Thompson and each and every one of the several parties should try to obtain a purchaser for the land so as to pay each party his advances with $33\frac{1}{3}$ per cent on his claim. In time Thompson obtained quitclaim deeds from the plaintiffs and sold the land to Stoudt, retaining a half interest. The sale was made at

$34.50, from which each party received the amount of his advances, with 33⅓ per cent on his original claim. Thompson did all, or nearly all, the work, and made considerable advances without making any charge for the same. In that way each party plaintiff received one third of the debt, which was practically worthless. The defendants owned the greater part of the claim against the Waldorf estate. Without the least objection the plaintiffs received and retained the just dividends in full of their claims against the land, and then, after the lapse of time, when Thompson and Stoudt had made large and permanent improvements, and when the land had increased in value, the plaintiffs bring this action claiming that Thompson was a trustee and that he was barred from any sale of the land in any way inuring to his benefit; but, as the trial court found, the case does not properly involve any question of trusteeship. It was a combination or quasi partnership between the several creditors for the purpose of realizing something from the insolvent estate. Each and all of the creditors had a right to find a purchaser for the land, and no one found anyone willing to pay $34.50 an acre, and the land was subject to a large and pressing debt which no one cared to pay. Stoudt was the principal creditor. Thompson and Stoudt had the largest investment, and it behooved them to close the deal, and it was done fairly and openly and in good faith. The facts are clearly stated in the findings of the court, which are well sustained by the evidence and justify the conclusions of law. However, it appears that costs were taxed in favor of Thompson and Stoudt, $74.20; Farmers State Bank, $22; R. C. Lindsey, $22; W. Jorgenson Company, $22. The last three items should be stricken, and no costs allowed excepting the $74.20, because there was only one defense and one trial. But, as the cost is a small incident and does not involve the merits of the appeal, neither party is entitled to recover costs on the appeal. The judgment is modified by striking out the three items of costs, amounting to $66, and as thus modified it is affirmed, without costs to either party.

Grace, J. I dissent.